Donald J. Yannella, Esq.
Donald Yannella, PC
52 Duane Street, 7th Fl.
New York, N.Y. 10007
(212) 226-2883

Michael D. Bradley, Esq.
Bradley Law Firm PC
2 Park Avenue, 20th Floor
New York, New York 10016
(212) 235-2089

*Attorneys for Defendant*
*Kyrin Conyers*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**KYRIN CONYERS, et al.**<br><br>**Defendant.** | 23 Cr. 457 (JGLC) |

**KYRIN CONYERS' OPPOSITION TO RULE 15 DEPOSITION**

**INTRODUCTION**

Kyrin Conyers respectfully submits this memorandum in opposition to the Government's motion (ECF No. 169; "Gov't Motion") under Federal Rule of Criminal Procedure 15 to take a deposition of a New York City Police Department detective ("Detective-1") who invoiced a firearm recovered from an apartment on September 6, 2023.

Rule 15(a)(1) provides:

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice. If the Court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged, including any book, paper, document, record, recording or data.

"To demonstrate exceptional circumstances exist, the movant must show that (1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice." *United States v. Cohen*, 260 F.2d 68, 72 (2d Cir. 2001). Exceptional circumstances are assessed on the particular circumstances of each case. *United States v. Sindona*, 636 F.2d 792, 803 (2d Cir. 1980); *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998). The burden is on the moving party to show that taking the deposition will further the interests of justice. *See United States v. Whiting*, 308 F.2d 537, 541 (2d Cir. 1962). It is in this Court's discretion whether to grant a motion to depose a proposed witness in a criminal case. *Sindona*, 636 F.2d at 803. However, for deposition testimony to be admitted as substantive evidence at trial, the party offering the testimony must establish the witness's unavailability at the time of trial. *See* Fed. R. Crim. P. 15(f); *United States v. Casamento*, 887 F.2d 1141, 1174 (2d Cir. 1989).

**RELEVANT FACTS**

The time frame of Count 3 is from August 2022 to September 2023. To prove Mr. Conyers possessed a firearm, as charged in Count 3, it appears that the Government will be focusing on two specific dates: March 9, 2023, when Mr. Conyers allegedly possessed a firearm while sitting in the passenger seat of an undercover officer's vehicle, during the alleged sale of cocaine base; and September 6, 2023, when law enforcement officers, including Detective-1, executed a search warrant at 977 E. 179th Street, Apt. Bronx, New York. Mr. Conyers was arrested on that same date, but at a different location.

According to a DEA-6, Report of Investigation, during the execution of the search warrant, law enforcement officers from "Group D-22 and New York City Police Department (NYPD) Bronx Narcotics Squad (BNS) arrested Loucchie Brown, Quadir Corbett, Bilal Dalton, Karizma Davis, Lucille Patterson, and Marvin Thomas at 977 E. 179th St, Apt 1J, Bronx, New York." *See* Def. Exh. A at 1. A gray and black pistol was recovered from a hole in the wall. *See* Def. Exh. B. Additionally, several cell phones were recovered: two gold color Apple iPhones, a silver color Apple iPhone, a green color Apple iPhone, a blue color Motorola cellphone, and a gold color Apple iPhone. Officers also recovered numerous rounds, of varying calibers, and two large plastic twists containing suspected marijuana. "All items were seized by members of the NYPD BNS and vouchered according to NYPD policy and procedure." *See* Def. Exh. A at 2. The six individuals in the apartment were arrested on state charges and taken to the 48th precinct for processing, but an Assistant United States Attorney declined to prosecute them federally for possession of the firearm. *Id*.

**DISCUSSION**

The Government argues that given the charges here, a Rule 15 deposition is warranted because Detective-1 suffers from a severe health condition; and because his testimony is highly relevant, given that he was present during the discovery of the firearm and personally vouchered it into evidence. Gov't Motion at 3. These allegations are insufficient to carry the Government's burden to show exceptional circumstances and to establish that a deposition would be in the interest of justice.

First, Detective-1's prospective testimony is not material under the meaning of Rule 15. Upon information and belief, Detective-1 was not the lead detective or case officer, and he did not supervise the search of the Apartment. Nor does the Government allege that Detective-1 recovered the pistol himself. According to the Report of Investigation, 34 officers were involved in the execution of the warrant, in some capacity, recovering many different types of evidence, thereby connecting the apartment to many people. Consequently, the Government could alternatively call the officer who actually removed the gun to testify, or any of the other officers who witnessed its recovery. While the Government may be "entitled to prove its case by evidence of its own choice", *Old Chief v. United States*, 519 U.S. 172, 186 (1997), that is a far cry from meeting its burden to prove that Detective-1's testimony is "necessary to prevent a failure of justice." *United States v. Cohen*, 260 F.3d at 78 (2d Cir. 2001). This applies particularly where the Government could easily elicit the testimony from any other officer who witnessed the recovery of the pistol.

The Government intends to establish, in part through the testimony of Detective-1, that Mr. Conyers constructively possessed the firearm recovered from 997 E 179th Street. Upon information and belief, there is no evidence that Mr. Conyers personally possessed that firearm.

3

And even if so, the Government would also have to establish that it was possessed in connection with one of the two predicate offenses, namely Count One or Count Two. The jury needs to be unanimous on all these points. To rebut the Government's case, the defense intends to cross-examine on facts related to possession of the firearm and dispute that it was constructively possessed in connection with either Count One or Count Two.

But to proceed by Rule 15 would mean that only the "bare transcript" of Detective-1's testimony would be admitted at trial. *See United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999). The jury would therefore be unable to judge Detective-1's credibility "through his demeanor and comportment." *Id*. There would be no visual assessment of his demeanor and counsel would be denied the opportunity to weigh the impact of his direct testimony on the jury while crafting a cross-examination. Such "substantial countervailing factors militat[e] against the taking of the deposition." *See United States v. Cohen*, 260 F.2d at 71.

Furthermore, while the defense does not dispute Detective-1's diagnosis, the Government has not met its burden regarding unavailability. And while the ultimate finding could be delayed until trial, "[t]he court need not, at the cost of time and money, engage in an act of futility by authorizing depositions that clearly will be inadmissible at trial." *United States v. Mohamed*, No. 18 Cr. 603 (ARR), 2020 WL 1545522 at *2, (E.D.N.Y. April 1, 2020) quoting *United States v. Drogoul*, 1 F.3d 1546, 1555 (11th Cir. 1993).

Finally, should the Court grant the motion, Mr. Conyers requests that the deposition take place before the Court in Your Honor's courtroom and that he be present. *See* Rule 15(c)(1). This is not a simple issue or a discrete bit of testimony. It cannot simply be boiled down to whether the gun was recovered from the apartment. There are many factual issues for the jury to resolve, and which must be considered in the law for Count Three, as per Your Honor's instructions. The

4

mandatory minimum sentence for Count Three is 25 years because Mr. Conyers has a prior 924(c) conviction, imposed in 2018 in the Southern District of New York.

## CONCLUSION

For the foregoing reasons, the Court should deny the Government's motion to take a deposition in its entirety or grant such other relief that this Court deems just and proper.

Dated:  January 13, 2026

/s/ Michael Bradley, Esq.

/s/ Donald J. Yannella, Esq.

Defense Exhibit A

Filed Under Seal pending further of the Court

Four-page DEA Report of Investigation regarding execution of a search warrant and the arrests of six people on September 6, 2023, at 997 E. 179th Street, Bronx, New York. (Bates 38 to 41).

Defense Exhibit B

Photograph of firearm recovered on September 6, 2023, at 997 E. 179th Street, Bronx, New York.

