Donald J. Yannella, Esq.
Donald Yannella, PC
52 Duane Street, 7th Fl.
New York, N.Y. 10007
(212) 226-2883

Michael D. Bradley, Esq.
Bradley Law Firm PC
2 Park Avenue, 20th Floor
New York, New York 10016
(212) 235-2089

*Attorneys for Defendant
Kyrin Conyers*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **UNITED STATES OF AMERICA**  v.  **KYRIN CONYERS, et al.**  **Defendant.** | 23 Cr. 457 (JGLC) |

**MOTION TO UNSEAL BRONX CRIMINAL COURT FILES**

## INTRODUCTION

Kyrin Conyers, through counsel, respectfully moves for an Order to unseal the criminal court files of six individuals who were arrested and charged with possession of the same firearm charged in Count Three of the instant indictment.

## DISCUSSION

As set forth in the defense opposition (ECF No. 173) to the Government's motion to depose Detective-1, six individuals were arrested on September 6, 2023, during the execution of a search warrant at apartment 1J of 997 East 179th Street, Bronx, New York ("Apartment 1J"). The warrant was issued by the Hon. Robert W. Lehrberger, a Magistrate Judge in the Southern District of New York. Apartment 1J is alleged to have been a stash house for narcotics and a firearm in connection with the instant indictment, 23 Cr. 457 (JGLC). Kyrin Conyers was arrested elsewhere that same day, as were the other defendants on the original indictment.

The superseding indictment (ECF No. 156), filed on November 25, 2025, expands the time frame of the 924(c) charge, making it cover from August 2022 until September of 2023. Consequently, the superseding indictment charges Mr. Conyers not only with possessing a firearm inside the Undercover Officer's car on March 9, 2023, but also with possessing the firearm seized from Apartment 1J on September 6, 2023.

Detective-1 was deposed on January 20, 2026, pursuant to Rule 15 of the Federal Rules of Criminal Procedure. He testified that, during the execution of the search warrant, he was one of the first to enter the apartment after the door was breached. Once inside, he saw six people inside the apartment. He also noticed a hole in a bedroom wall, roughly the size of a fist, and he surmised that it may contain contraband. Law enforcement officers enlarged the hole by breaking some of the sheetrock, revealing a firearm. They did not photograph the hole in the wall prior to breaking the sheetrock.

The six individuals inside apartment 1J during the execution of the warrant were arrested and charged with felony possession of the firearm. Detective-1 did not know whether any of those individuals had been criminally prosecuted after the NYPD arrested them on September 6, 2023. Other than helping to execute the search warrant, noticing the hole, and personally vouchering the firearm, Detective-1 testified that he had very little involvement in this case.

The six individuals arrested inside apartment 1J on September 6, 2023, were Loucchie Brown, Marvin Thomas, Bilal Dalton, Lucille Patterson, Quadir Corbett, and Karizma Davis.

A defense investigator tried, unsuccessfully, to obtain records, including complaints, notice of defendant's statements, and certificates of disposition, from the Bronx County Criminal Court and Supreme Court related to the criminal prosecution of the six individuals. The defense also asked the Government to obtain documentation related to their arrest and prosecution.

Four of the six arrestees filed a civil lawsuit alleging false arrest and related charges in connection with the September 6, 2023, search of Apartment 1J at 997 East 179th Street. The plaintiffs are Loucchie Brown, Marvin Thomas, Bilal Dalton, and Lucille Patterson. The defendants are the City of New York, Police Officers John Doe, and Detective Saquoi Harris, Shield 1409, of NarcBBX. Corporation Counsel Muriel Goode-Truffant, filed an Answer on behalf of the City of New York, but not on behalf of Det. Saquoi Harris. It is unclear whether Det. Saquoi Harris, who is the case agent in the instant federal criminal prosecution, filed an answer to the complaint.

According to the civil lawsuit, the four plaintiffs were transported to the 48th precinct and then to the Bronx County Criminal Court for arraignment on felony charges of Criminal Possession of a Firearm. Mr. Brown was remanded to the custody of the NYC Department of Corrections, but Mr. Thomas, Mr. Dalton, and Ms. Patterson were released on their own recognizance. The Bronx County District Attorney's Office moved to dismiss the charges against Mr. Thomas, Mr. Dalton, and Ms. Patterson on January 4, 2024, and they moved to dismiss the charges against Mr. Brown on January 16, 2024. The docket numbers for those criminal court cases are not included in the plaintiffs' civil complaint or the defendants' answer.

We respectfully request that the Court sign the attached unsealing Order for the Criminal Court files of those six individuals, identified from police paperwork as:

- Loucchie Brown – NYSID 11776493N
- Quadir Corbett – NYSID 13585661M
- Bilal Dalton – NYSID 13034335Z
- Karizma Davis – NYSID 14068882H
- Lucille Patterson – NYSID 12494016P
- Marvin Thomas – NYSID 12120978K

The unsealing would be for the limited purpose of use by defense counsel for Kyrin Conyers in connection with his pending criminal prosecution in the United States District Court, Southern District of New York, 23 Cr. 457 (JGLC).

It is essential for the defense to obtain documentation about other criminal prosecutions for possession of this same firearm. The core values protected by the various criminal procedure provisions of the Constitution are "due process considerations of fairness, reliability and trustworthiness." *States v. Medico*, 557 F.2d 309, 314 n.4 (2d Cir.), cert. denied, 434 U.S. 486 (1977). The essence of due process is what the Supreme Court has variously expressed as the "integrity of the fact-finding process," *Ohio v. Roberts*, 448 U.S. 56, 64 (1980), the "accuracy of the truth-determining process," *Dutton v. Evans*, 400 U.S. 74, 89 (1970), and the "truth-seeking function of the trial process," *United States v. Agurs*, 427 U.S. 97, 104 (1976). *See also Schneckloth v. Bustamonte*, 412 U.S. 218, 238-39 (1973).

## CONCLUSION

For the foregoing reasons, Mr. Conyers' motion should be granted in its entirety, or the Court should grant such other relief that it deems just and proper.

Dated:  January 22, 2026

/s/ Michael Bradley, Esq.
/s/ Donald J. Yannella, Esq.
*Attorneys for Kyrin Conyers*
